UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY AMARAL, JOE AMARAL and DANNY AMARAL,<br><br>Plaintiffs,<br><br>v.<br><br>WACHOVIA MORTGAGE CORPORATION, a North Carolina Corporation; CARRINGTON MORTGAGE SERVICES, LLC; and DOES 1-50 inclusive,<br><br>Defendants. | 1:09-CV-00937-OWW-GSA<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL** |

A "district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). A *sua sponte* review of the notice of removal (Doc. 2) filed by Defendant Carrington Mortgage Services, LLC ("Carrington") reveals a jurisdictional defect.

Under 28 U.S.C. § 1446(a), a removal of a civil action from state to federal court is accomplished by filing "in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings,* and orders served upon such defendant or defendants in such action." (Emphasis added.) Generally, removal statutes are strictly construed against removal. *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In removed actions, "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n*

*of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). "In determining the existence of removal jurisdiction based upon a federal question, [a court] must look to the complaint as of the time the removal petition was filed." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979).

In its notice of removal, Carrington purports to remove a civil action "commenced in the Superior Court in and for the County of Kings, entitled <u>Mary Amaral, Joe Amaral and Danny Amaral v. Wachovia Mortgage Corporation, et al</u>, as case number 09C0116." Carrington asserts that removal of this action is proper because federal claims in the state-court complaint create federal question jurisdiction and supplemental jurisdiction exists over alleged state law claims. In its notice of removal, Carrington states that "[a] true and correct copy of the Complaint is attached hereto as **Exhibit A**."

Attached as Exhibit A, however, is a complaint filed by "Gerald Anudokem," not Mary, Joe or Danny Amaral. In addition, the complaint was filed in the "UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA," not Kings County Superior Court, and Carrington is not even a named defendant. It is evident that the complaint Carrington attached to its notice of removal is not the case which Carrington has attempted to remove, and no other document in the record contains a copy of the *Amaral* complaint. By failing to attach the *Amaral* complaint to its notice of removal, Carrington has not complied with 28 U.S.C. § 1446(a) and created a jurisdictional defect.

Carrington lacks power to remove the *Anudokem* action, a case in which it is not a defendant. Accordingly, the court has no jurisdiction over that action. As to the *Amaral* action, Carrington, a purported defendant, has failed to accomplish removal of the action – the *Amaral* complaint is not attached to the notice of removal, and the complaint is not otherwise on file. In addition, whether federal question jurisdiction exists must be determined from the face of the *Amaral* complaint. Without it, subject matter jurisdiction cannot be determined and has not been established.

Both Carrington and Defendant Wachovia Mortgage Corporation[1] have filed motions to dismiss claims in the *Amaral* complaint, and motions to strike a portion of the *Amaral* complaint. (Docs. 6 & 8-10.) Without accomplishing removal of the *Amaral* action and establishing jurisdiction, however, these motions cannot be addressed.[2] The hearing on these motions, presently set for September 21, 2009, is VACATED. Carrington is ordered to show cause, in writing, by October 5, 2009, why this case should not be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

**Dated:   September 17, 2009**            /s/ **Oliver W. Wanger**
                                            UNITED STATES DISTRICT JUDGE

---

[1] Wachovia Mortgage Corporation is also not a defendant in the *Anudokem* action.

[2] Nor could these motions be analyzed properly without a copy of the complaint on file.