**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARY AMARAL, et al.,**<br><br>        **Plaintiffs,**<br><br>    **v.**<br><br>**WACHOVIA MORTGAGE CORP., et al.,**<br><br>        **Defendants.** | **1:09-cv-00937-OWW-GSA**<br><br>**MEMORANDUM DECISION AND ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS (Docs. 77, 84), WACHOVIA'S MOTION TO STRIKE (Doc. 86), AND PLAINTIFFS' MOTION TO AMEND (Doc. 97)** |

## I. INTRODUCTION.

Plaintiffs Mary Amaral, Joe Amaral, and Danny Amaral ("Plaintiffs") proceed with an action for damages and declaratory relief against Defendants Wachovia Mortgage, FSB ("Wachovia") and Carrington Mortgage Services, LLC ("Carrington"). Plaintiffs' filed a First Amended Complaint ("FAC") on August 23, 2010. (Doc. 73).

Carrington and Wachovia filed motions to dismiss the FAC on September 9, 2010 and September 13, 2010, respectively. (Docs. 77, 84). Plaintiffs filed opposition to the motions to dismiss on November 1, 2010. (Docs. 91, 92). Carrington and Wachovia filed replies to Plaintiffs' opposition November 8, 2010. (Docs. 94, 95).
///

**1**

## II. **FACTUAL BACKGROUND**.

This is a mortgage fraud case concerning Plaintiffs' residence located in Lemoore, California. Initially, Plaintiffs obtained two loans from Freemont & Loan ("Freemont"), one for $460,000 (the "First Loan") and one for $115,000 (the "Second Loan"). Around January 2008, Plaintiffs approached Wachovia to obtain a third loan, i.e., a refinance loan, to pay off both their First and Second Loans.

On or about April 1, 2008, Carrington took over "servicing" of the First Loan, allegedly without notice to Plaintiffs. On or about April 30, 2008, Wachovia purportedly wired $594,806.16 to Freemont to pay off both loans. On May 13, 2008, however, Carrington sent Plaintiffs a Notice of Intent to Foreclose on the First Loan. This notice stated that the monthly loan payments due on or after March 1, 2008, had not been received. Starting in June 2008, Plaintiffs made monthly payments to Wachovia on the refinance loan. Starting in December 2008, Wachovia refused to accept Plaintiffs' payments.

## III. **LEGAL STANDARD**.

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*.

**2**

Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an

3

opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908.

## IV. Discussion

**A. Carrington's Motion to Dismiss**

    **1. The FAC's RESPA Claim Against Carrington**

The FAC alleges that Carrington violated RESPA by failing to give notice to Plaintiffs of the transferring of services of the Subject Loans from Plaintiffs' initial lender, Freemont, to Carrington. In dismissing Plaintiffs' RESPA claim against Carrington pled in the original complaint, the court held:

> As Carrington correctly notes, there are no allegations in the complaint suggesting that Plaintiffs suffered actual damages as a result of Carrington's alleged violation of § 2605(c). Absent factual allegations suggesting that Plaintiffs suffered actual damages, Plaintiffs' RESPA claim is insufficiently pled and subject to dismissal. *Molina v. Washington Mutual Bank*, No. 09-CV-00894-IEG (AJB), 2010 WL 431439, at *7 (S.D. Cal. Jan. 29, 2010) (concluding that a RESPA claim was infirm because the plaintiffs "failed to sufficiently plead pecuniary loss"); *Lemieux v. Litton Loan Servicing, LP*, No. 2:09-cv-02816-JAM-EFB, 2009 WL 5206641, at *3 (E.D. Cal. Dec. 22, 2009) ("Plaintiffs have not pled facts showing they suffered actual damages. Their failure to do so defeats their RESPA claim."); *Garcia v. Wachovia Mortgage Corp.*, __ F. Supp. 2d __, 2009 WL 3837621, at *10 (C.D. Cal. 2009) (dismissing RESPA claim because Plaintiff "failed to allege damages under Section 2605").

(Doc. 43 at 9-10). Carrington repeats its argument that the FAC does not allege damages. Plaintiffs identify the following allegations which they contend are sufficient to allege damages:(1) Due to Carrington's failure to provide the required notice,

**4**

Plaintiffs authorized Wachovia to wire payments to Freemont rather than Carrington (2) Plaintiffs received a Notice of Intent to Foreclose which stated that Carrington was going to charge Plaintiffs late fees; (3) Plaintiffs believe their credit rating has been negatively effected, which has limited their ability to obtain further financing; (4) Plaintiffs have suffered emotional distress as a result of a pending Notice of Trustee's Sale; (5) Plaintiffs have incurred legal fees.

With respect to Plaintiffs' first damages argument, Carrington correctly responds that Plaintiffs do not allege a causal link between its purported failure to provide notice and any damages suffered by Plaintiffs. The FAC does not allege that Wachovia mistakenly wired any payments to Freemont instead of Carrington. With respect to Plaintiffs' second argument, the FAC does not allege that Carrington actually charged Plaintiffs any late fees or that Plaintiffs paid late fees.

With respect to Plaintiffs' third, fourth, and fifth arguments, the FAC does not allege facts sufficient to support a causal link between Carrington's alleged failure to provide notice and the damages Plaintiffs complain of. The FAC concedes that Plaintiffs did not make payments in April 2008 or May 2008. Plaintiffs' knowledge of the transfer of servicing was immaterial to Plaintiffs' failure to make payments in April and May. It was Plaintiffs failure to make payments in April and May that was a default that caused any damage to Plaintiffs' credit and led to the recording of the Notice of Default.

Plaintiffs' RESPA claim against Carrington is deficient for the same reasons identified in the order dismissing Plaintiffs'

**5**

original complaint. The RESPA claim is DISMISSED WITH PREJUDICE.

**2. FAC's Claim Under California Civil Code section 2937**

Carrington argues that, to the extent section 2937 provides a private right of action, Plaintiffs fail to establish a claim because the FAC's allegations do not establish that Plaintiffs are within the class of persons the statute is designed to protect. In a related argument, Carrington argues that the FAC does not allege damages resulting from the purported violation of section 2937. Carrington's argument is well taken. The FAC alleges that Plaintiffs did not make payments in April or May of 2008. Regardless of whether Carrington had provided notice of the servicing change, the damages of which Plaintiff complains – damage to their credit ratings, emotional distress resulting from the Notice of Trustees Sale, and the legal fees incurred due to the status of their loan–would have resulted in any event due to Plaintiffs' conscious decision not to make mortgage payments in April and May 2008. The FAC fails to allege that Plaintiffs suffered damages as a result of Carrington's alleged statutory violation. Plaintiffs' claim is DISMISSED WITH PREJUDICE. *See, e.g., Faria v. San Jacinto Unified School District*, 50 Cal. App. 4 th 1939, 1947 (Cal. Ct. App. 1996) ("the violation of a statute gives to any person within the statute's protection a right of action to recover *damages caused by its violation*") (emphasis added).

**B. Wachovia's Motion to Dismiss**

**1. Section 2937 Claim**

The caption of the section 2937 cause of action purports to advance the claim against "all defendants." As discussed above,

**6**

the FAC does not assert a viable claim under section 2937. Further, Plaintiff concedes it has no section 2937 claim against Wachovia. The section 2937 claim is DISMISSED WITH PREJUDICE as to Wachovia.

### 2. State Law Tort Claims

The court dismissed Plaintiffs' state law tort claims (fraud and conversion) alleged in the original complaint on the grounds that such claims were preempted by the federal Home Owners Loan Act ("HOLA'). (See Doc. 43 at 17-21). With respect to the fraud claim, the Court held:

> Plaintiffs allege Wachovia "made material false representations to plaintiffs that their refinance loan was approved by Wachovia, that all loan documents had been processed, and that plaintiff had incurred an obligation to make monthly payments to Wachovia to repay the refinance loan." (Doc. 24- 2 at 8.) This fraud claim concerns lending and revolves around the "processing, origination [and/or] servicing" of a mortgage. As applied, this fraud claim is a type of state law contemplated in § 560.2(b)(10) and is preempted.
>
> Plaintiffs' fraud claim also alleges that "[t]here was no documents indicating the Wachovia loan had been processed or approved, or that plaintiffs had any obligation to pay any money to Wachovia." (Doc. 24-2 at 8.) This fraud allegation fits squarely
> within § 560.2(b)(10), and likely within § 560.2(b)(9), which deals with information in "credit-related documents," and § 560.2(b)(11), which deals with "repayments."
>
> Finally, Plaintiffs' fraud claim alleges that Wachovia "made false representations with the intent to induce plaintiffs to make monthly mortgage payments to Wachovia." (Doc. 24-2 at 8.) As applied, this claim is also within § 560.2(b)(10) as it is based on,
> and seeks to impose liability for and regulate, alleged false statements made in connection with the "[p]rocessing, origination [and/or] servicing . . . of, . . . or participation in," a mortgage. Because Plaintiffs' fraud claim, as applied, bears on lending activities expressly contemplated by § 560.2(b), it is preempted. No further analysis is necessary.

**7**

(Doc. 43 at 20-21).  With respect to the conversion claim, the court held:

> The conversion claim alleges "Wachovia converted the personal property of plaintiffs, in the form of mortgage payments made on a fraudulent and non-existent loan, to its own use or control." (Doc. 24-2 at 8.) This claim, as applied, also fits within § 560.2(b). The alleged wrongful conversion of Plaintiffs' "mortgage payments" made on a "fraudulent loan" is a state law claim that is based on alleged wrongful conduct in the "processing, origination [and/or] servicing" of a mortgage, § 560.2(b)(10), and also concerns "repayment[]," § 560.2(b)(11). Because Plaintiffs' conversion claim, as applied, would regulate lending activities expressly contemplated by § 560.2(b), it is preempted, and no further analysis is necessary.

(Id. at 21).

During oral argument on Wachovia's first motion to dismiss, Plaintiffs requested an opportunity to amend the complaint to establish that Wachovia did not actually issue them a loan. Plaintiffs averred that to the extent no loan was issued, there state law tort claims are not subject to HOLA preemption. The court expressed doubt concerning Plaintiffs' argument:

> Even if Plaintiffs amend their complaint, as requested, **to allege that Wachovia never issued a loan to Plaintiffs**, it is not clear that this would impact the preemption analysis. One stated purpose for the regulatory preemption provision is to ensure "a uniform federal scheme of regulation" for federal savings associations. 12 C.F.R. § 560.2(a). Under Plaintiffs' analysis, however, in any given situation, the lending activities of federal savings associations would be subject to both federal and state regulations so long as no loan is ultimately issued to the borrower. Nevertheless, supplemental briefing is requested to properly analyze this preemption issue.[1]

(Doc. 43 at 23) (emphasis added).

---

[1] Analysis of the parties' supplemental briefing is unnecessary in light of the factual deficiencies of the FAC, which warrant dismissal of Plaintiffs' fraud and conversion claims with prejudice.

8

Despite the guidance provided in the memorandum decision, the FAC not only contains the same allegations that led the court to dismiss the fraud and conversion claims alleged in the original complaint, it fails to allege that Wachovia never issued a loan to Plaintiffs. In fact, with respect to the conversion claim, the FAC is *worse* than the original complaint: the original complaint suggested payments were made on a "non-existing loan," the FAC alleges that Wachovia converted Plaintiffs property "in the form of payments made on a purported refinancing loan." (FAC at 10).

Even more troubling are allegations contained in a separate state court complaint Plaintiffs filed on September 9, 2010, *after* the issuance of the Memorandum Decision dismissing Plaintiffs' complaint in this action. In that complaint, which does not allege fraud against Wachovia, Plaintiffs' allegations represent that Wachovia did in fact issue a loan. *Inter alia*, the complaint filed in state court on September 9, 2010 alleges: **(1)** "Vasquez advised Plaintiffs that a Wachovia refinance loan had been issued" (Comp. at 3);[2] **(2)** "Vasquez provided a copy of a receipt for deposit showing that LandAmerica Commonwealth Title Company received the refinance loan proceeds from Wachovia and were credited to Fremont's account" (id.); **(3)** "Wachovia...presented Plaintiffs with documentation showing that Plaintiffs' refinance loan had been approved" (id.); **(4)** "Plaintiffs received statements from Wachovia reflecting payments due on the refinance loan" (id.); **(5)** "Wachovia refused to provide Plaintiffs with any information regarding the refinance loan" (id. at 4); **(6)** "Plaintiffs reasonably believed

---

[2] (Case 10-cv-01661; Doc. 2-1)

**9**

that the First Loan had been satisfied when Wachovia wired the refinance loan proceeds to Fremont on April 30, 2008" (id.).[3] The complaint Plaintiffs filed in state court on September 9, 2010 also asserts a claim for Quiet Title against Wachovia and avers that Wachovia "claims an interest in the subject property." (Id. at 9).

Plaintiffs' failure to comply with the court's explicit instructions in the memorandum decision as to what was required to escape HOLA preemption justifies dismissal of Plaintiffs' fraud and conversion claims with prejudice. The Memorandum Decision's analysis applies with equal force to the fraud claim pled in the FAC, and with *more* force to the FAC's conversion claim.

Plaintiffs' advancement of conflicting factual allegations and legal theories against Wachovia by initiating a separate action in state court concerning the same operative facts underlying the FAC justifies application of judicial estoppel to bar Plaintiffs' state law tort claims. Plaintiffs' conduct also violates applicable standards of professional conduct and Federal Rule of Civil Procedure 11.

Although detailed analysis of the pleading deficiencies that plague the FAC's fraud and conversion claims is unnecessary in light of Plaintiffs' failure to plead around HOLA preemption and attempt to avoid preemption by an excursion to state court, a cursory review of the complaint reveals that the claims do not meet the federal pleading standards of Federal Rule of Civil Procedure 9(b).

///

---

[3] The state court complaint later alleges that Plaintiffs' attorney was unable to confirm whether Wachovia actually wired the funds. (Id. at 5).

**10**

**C. Plaintiff's Motion to Amend**

Plaintiffs seek to amend the FAC "to include claims for relief for negligent hiring and supervision, breach of contract, and tort of another against Wachovia, and for quiet title as to all Defendants and to name as additional defendants Freemont, MTC, and Vasquez." (Doc. 98, Amended Motion to Amend at 6).[4]

With respect to all state law tort claims against Wachovia, Plaintiffs claims appear to be preempted for the same reasons applicable to the FAC's fraud and conversion claims; Plaintiffs' motion offers no analysis or authority to the contrary. Amendment to add such claims would be futile.

The proposed amended complaint attached to Plaintiffs' motion seeks to include Freemont as a Defendant under Plaintiffs' claims under RESPA and California Civil Code section 2937. These claims are untenable as discussed above and thus amendment to add Freemont would be futile.

With respect to MTC, the motion to amend seeks to add a claim against MTC for (1) declaratory relief regarding the validity of the Notice of Default, which allegedly contains at least two materially false facts, and (2) Quiet title. Amendment appears to be appropriate. With respect to Vasquez, the amendment appears to be appropriate. However, Plaintiffs must comply with Federal Rule of Civil Procedure 9(b) where applicable.

///
///

---

[4] The proposed second amended complaint attached as exhibit 1 to Plaintiffs' motion also includes a claims for unjust enrichment and breach of the implied covenant of good faith against Wachovia, although the motion does not request leave to include such claims.

**11**

**D. Wachovia's Motion to Strike**

As the FAC is dismissed, Wachovia's Motion to Strike is DENIED AS MOOT.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Plaintiffs' RESPA claim against Defendant Carrington is DISMISSED WITH PREJUDICE;

2) Plaintiffs' claims under California Civil Code section 2937 are DISMISSED WITH PREJUDICE;

3) Plaintiffs' state law tort claims against Wachovia are DISMISSED WITH PREJUDICE;

4) Plaintiffs' motion to amend is GRANTED with respect to MTC and Vasquez only and DENIED with respect to all other requests;

5) Wachovia's Motion to Strike is DENIED AS MOOT;

6) Plaintiffs shall file an amended complaint within fourteen (14) days of service of the Memorandum Decision. Defendants shall filed a response within ten (10) days of service of the amended complaint; and

7) Defendants shall submit a form of order consistent with this Memorandum Decision within five (5) days following electronic service of this decision.

IT IS SO ORDERED.

**Dated:   February 7, 2011**          /s/ Oliver W. Wanger
                                  UNITED STATES DISTRICT JUDGE