UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MARY AMARAL, *et al.*, | 1:09-cv-00937 OWW GSA |
|---|---|
| Plaintiffs, | ORDER RE STATUS OF APPEAL AND CLAIMS AGAINST REMAINING DEFENDANT |
| v. | |
| WACHOVIA MORTGAGE CORPORATION, *et al.*, | |
| Defendants. | |

This is a mortgage fraud case concerning Plaintiffs' residence located in Lemoore, California. This case, originally filed in Kings County Superior Court, was removed to the Eastern District of California on October 1, 2009. Doc. 2. The original complaint named as Defendants Wachovia Mortgage Corporation ("Wachovia"), Carrington Mortgage Services LLC ("Carrington"), and Does 1-50. Doc. 24. After an initial round of dispositive motions, the complaint was dismissed with leave to amend. Docs. 43 & 60.

Plaintiffs' first amended complaint, again naming Wachovia and Carrington, Doc. 73, was challenged by a second round of dispositive motions. All claims against Wachovia and Carrington were dismissed with prejudice. Doc. 110. However, Plaintiffs were granted leave to amend to include claims against additional Defendants, "MTC and Vasquez." *Id.* at 12.

Plaintiffs' second amended complaint ("SAC"), filed

February 22, 2011, asserts claims of fraud and conversion against Heather Vasquez.  Doc. 115.  Ms. Vasquez was served on May 4, 2011, Doc. 129, but never responded to the SAC.  Default was entered against her June 17, 2011.  Doc. 134.  Since then, Plaintiffs have taken no steps to secure default judgment or otherwise proceed against Ms. Vasquez.

On March 9, 2011, Plaintiffs filed a notice of appeal from the order dismissing with prejudice all claims against Carrington and Wachovia.  Doc. 120.  That appeal has not yet been processed.  Judgment has not yet been entered in favor of Wachovia or Carrington because claims are still pending against Ms. Vasquez.  Federal Rule of Civil Procedure 54(b) prohibits entry of judgment against "one or more, but fewer than all, claims or parties" unless the "court expressly determines that there is no just reason for delay."  The power to make such a determination "is largely discretionary, to be exercised in light of judicial administrative interests as well as the equities involved, and giving due weight to the historic federal policy against piecemeal appeals."  *Reiter v. Cooper*, 507 U.S. 258, 265 (1993) (internal citations and quotations omitted).  Rule 54(b) should be applied using a "pragmatic approach focusing on severability and efficient judicial administration."  *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519,

2

1525 (9th Cir. 1987).  Certification under Rule 54(b) may be appropriate where the matters disposed of are "sufficiently severable factually and legally from the remaining matters," and could "completely extinguish [ ] ... liability."  *Id*.

Here, the interests of judicial efficiency do not favor a separate appeal.  Default has been entered against the remaining defendant.  Pursuing default judgment or otherwise proceed with the remaining claims against Ms. Vasquez should not be an overly time-consuming process.  Under the circumstances, efficient judicial administration calls for resolution of the entire case before an appeal is permitted.

Plaintiffs must take appropriate action to prosecute the remaining claims against Ms. Vasquez within thirty (30) days of service of this order.  Failure to do so will result in dismissal for lack of prosecution.  Due to the pending retirement of the assigned district judge, the parties will shortly receive notice of reassignment of this case.  That notice shall not alter the deadline set herein.

SO ORDERED
Dated:  September 22, 2011
/s/ Oliver W. Wanger
United States District Judge

3