UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY AMARAL, JOE AMARAL, and DANNY AMARAL, <br><br> Plaintiff, <br><br> v. <br><br> WACHOVIA MORTGAGE CORPORATION, a North Carolina Corporation, CARRINGTON MORTGAGE SERVICES, LLC; and DOES 1-50 inclusive, <br><br> Defendants, | 1:09-cv-937-AWI-GSA <br><br> FINDINGS AND RECOMMENDATIONS DENYING APPLICATION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE AND REMANDING THIS ACTION TO THE KINGS COUNTY SUPERIOR COURT <br><br><br><br><br> (Docs. 145-147) |

**I.    Introduction**[1]

On April 21, 2009, Plaintiffs Mary Amaral, Joe Amaral and Danny Amaral ("Plaintiffs") filed a complaint in the Kings County Superior Court of California alleging mortgage fraud against Defendants Wachovia Mortgage Corporation ("Wachovia") and Carrington Mortgage Services ("Carrington"). (Doc. 24-1). On May 28, 2009, Carrington removed this action to this Court from the Kings County Superior Court of California. (Doc. 2).[2]

---

[1] This case has a complex procedural history which is only summarized in relevant section here.

[2] Carrington Mortgage Services filed an amended Notice of Removal after the Court issued an Order to Show Cause Why the Case Should Not be Remanded. (Doc. 23).

After the filing of several Motions to Dismiss, Plaintiffs filed a First Amended Complaint ("FAC") on August 23, 2010. (Doc. 73). The FAC alleges violations of the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 *et seq*, ("RESPA") against Defendant Carrington; a violation of California Civil Code § 2937 against Defendants Carrington and Wachovia; Declaratory Relief against Carrington; and Fraud and Conversion against Wachovia. The FAC seeks monetary damages, declaratory relief, and other just relief. (Doc. 73).

Both Carrington and Wachovia filed Motions to Dismiss the FAC on September 9, 2010 and September 13, 2010 respectively. (Docs. 77 and 84).[3] Plaintiffs also filed a Motion to Amend the Complaint on November 15, 2010.[4] (Doc. 97-99). The Honorable Oliver. W. Wanger granted both of the Defendants' Motions to Dismiss and all claims against those defendants were dismissed with prejudice. (Docs. 110, 118, and 121). However, Plaintiffs were given leave to file an amended complaint to add two new defendants: 1) Heather Vasquez, a mortgage broker at Wachovia who Plaintiffs allege engaged in illegal activities as part of the mortgage fraud, and 2) MTC Financial Inc., a corporation who Plaintiffs alleged caused the filing of a notice of default which contained at least two materially false facts.

Plaintiffs filed a Second Amended Complaint ("SAC") on February 22, 2011 naming Heather Vasquez, as the sole defendant. (Doc. 115). The SAC alleges fraud and conversion as state law claims. In the SAC, Plaintiffs are seeking compensatory damages, punitive damages, attorneys' fees and costs, and other just relief. (Doc. 115). No other Defendants or causes of action are named in the SAC.[5] Subsequently, Plaintiffs filed an appeal on March 9, 2011. (Doc. 120). The Court did not process the appeal because it found it was not judicial efficient to file a separate appeal under Fed. R. Civ. P. 54(b). (Doc. 142). Plaintiffs were ordered to prosecute the remaining Defendant within thirty days. *Id*. at pg. 3.

---

[3] Oppositions and Replies to these motions were filed. (Docs. 91, 92, 94 and 95).

[4] This pleading is actually an Amended Motion to Amend the Complaint which sought to modify a previously filed Motion to Amend the Complaint filed on September 9, 2010. (Docs. 78-83).

[5] Plaintiff served the SAC on May 4, 2011. (Doc. 129). Defendant Vasquez did not answer and default was entered on June 17, 2011 pursuant to Plaintiff's request. (Docs. 132-133).

On October 21, 2011, Plaintiffs filed the instant document entitled "Application for Court Default Judgment." (Docs. 145-147). Upon a review of the pleadings and the procedural history of this case, it is recommended that Plaintiffs application be DENIED WITHOUT PREJUDICE and the case be remanded to the Kings County Superior Court.

**II.  Discussion**

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a); *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir.1988). However, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). In this case, the Court no longer has jurisdiction because the SAC names Heather Vasquez as the only Defendant and the causes of action are fraud and conversion, which are two state law claims.[6]

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, those cases involve diversity of citizenship (in which the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states) or a federal question, or cases in which the United States is a party. 28 U.S.C. §§ 1331 and 1332; *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). Federal courts are presumptively without jurisdiction over civil actions. *Kokkonen*, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the Court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

In this case, Plaintiffs are unable to establish subject matter jurisdiction in this Court since the SAC only contains state law claims against a California resident. The Court is aware that Plaintiffs filed a Notice of Appeal. (Doc. 120). In doing so, it appears Plaintiffs were attempting to preserve this Court's jurisdiction and/or were challenging the dismissal of

---

[6] The SAC does not allege diversity jurisdiction. Moreover, the transactions in question have taken place in California. Therefore, it appears that Ms. Vasquez is indeed a resident of California and diversity jurisdiction has not been established.

3

Carrington and Wachovia as Defendants which were the basis of the federal law claims. However, the filing of this appeal was defective for several reasons.

First, Judge Wanger dismissed the FAC with leave to amend on February 2, 2011. (Doc. 110).[7] Plaintiffs filed the SAC on February 22, 2011, naming Heather Vasquez, as the sole defendant. (Doc. 115). When Plaintiffs did so, the SAC became the operative pleading in the action because an amended complaint supercedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)*; King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). "[A]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); accord *Forsyth*, 114 F.3d at 1474. Thus, in this Circuit, a Plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint. *Id*. Here, Plaintiffs' SAC does not contain any causes of action that gives this Court jurisdiction.

Second, Plaintiffs could not have appealed Judge Wanger's ordering dismissing Carrington and Wachovia as defendants because Plaintiffs were given leave to amend the complaint and there was no final judgment. As a general rule, only final judgments may be appealed. 28 U.S.C. § 1291; *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989). While 28 U.S.C. § 1292(b) allows for the appeal of an interlocutory order, this avenue for appeal provision is very restricted and applies in very limited circumstances. Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.
> 28 U.S.C. § 1292(b).

---

[7] In this order Judge Wanger directed the parties to file a formal proposed order for signature. Judge Wanger subsequently signed formal orders on March 1, 2011 and March 29, 2011. (Docs. 118 and 121).

The party seeking certification of an interlocutory appeal has the burden to show the presence of exceptional circumstance. *Coopers & Lyband v. Livesay*, 437 U.S. 463, 474-75 (1978). Moreover, both the district court judge and the Ninth Circuit must grant permission in order for an interlocutory appeal to be certified. *Id*. The Ninth Circuit has listed the requirements for certification as: (1) that there is a controlling question of law; (2) that there are substantial grounds for difference of opinion; and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982). Here, Plaintiffs filed a Notice of Appeal without complying with the requirements of an interlocutory appeal. This deficiency, coupled with the fact that the Plaintiffs filed a SAC prior to the filing of the appeal, renders the appeal defective.[8]

### III.   Conclusion

Based on the above, the Court finds that the operative pleading in this case is the SAC which only contains state law causes of action and deprives this Court of jurisdiction. Accordingly, Plaintiffs' Application for Default Judgment is DENIED WITHOUT PREJUDICE. It is recommended that the case be remanded to the Kings County Superior Court.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B). Within **thirty (30)** days of service of this recommendation, Plaintiffs may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). Plaintiffs are advised that failure to file objections

---

[8] In general, the filing a notice of appeal transfers jurisdiction over the matters appealed to the court of appeals, and the district court generally is divested of jurisdiction over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) (per curiam); *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001). However, a notice of appeal from a nonappealable order will not divest the district court of jurisdiction. *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993); *United States v. Garner*, 663 F.2d 834, 838 (9th Cir.1981); *Ruby v. Secretary of the Navy*, 365 F.2d 385, 389 (9th Cir.1966) (en banc). Where a notice of appeal fails to transfer jurisdiction to the appellate court, jurisdiction remains in the district court because jurisdiction "cannot float in the air." *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 659 (9th Cir. 1995); *Ruby*, 365 F.2d at 388.

within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **November 23, 2011**                    **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE